**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | |
| | : | **CASE NO:** |
| | : | **7:25-cr-25—WLS-ALS-2** |
| **RYAN RUGG,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

On April 8, 2026, the Court held a Pretrial Conference in this case at which Defendant Ryan Rugg ("Rugg") failed to appear. A Bench Warrant directing Rugg be brought before the Court was issued on April 9, 2025 (Docs. 54 & 55). Pursuant to the Notice of Pretrial Conference (Docs. 40, 45), this case has been noticed for trial during the Court's May 2026 Valdosta Trial Term beginning May 4, 2026. A review of the docket in this case reflects that the April 9, 2026 Bench Warrant has not been executed and Defendant Rugg, therefore, has not been located and remains a fugitive.

Pursuant to 18 U.S.C. § 3161(h)(3)(A), "[a]ny period of delay resulting from the absence or unavailability of the defendant" shall be excluded from the computation of time within which a defendant's trial must be started under the Speedy Trial Act. "A defendant . . . shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence." *Id.* § 3161(h)(3)(B).

Upon review of the Record in this case, including the continuing inability of law enforcement to locate and apprehend Rugg pursuant to the Bench Warrant (Doc. 55) as of the entry of this Order, the Court finds, *sua sponte*, that Defendant Ryan Rugg is absent because his whereabouts are unknown and he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence. § 3161(h)(3)(A), (B). The Court further finds that the ends of justice will be served by continuing the trial of this matter and

1

that such continuance outweighs the best interests of the public and Defendant Rugg in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B).

Accordingly, the Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** (i) until such time as the executed Bench Warrant is filed in the Record and Rugg is no longer absent, or (ii) until further Order of this Court.

It is further **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to § 3161(3)(A)–(B) because Defendant Rugg is absent and pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance would likely result in a miscarriage of justice. Said exclusion shall relate back to the date of the issuance of the Bench Warrant (Doc. 55) for Rugg's arrest; *i.e.*, April 9, 2026. Counsel for the Government shall immediately notify the Court when Rugg has been apprehended so this matter may be promptly set for trial.

**SO ORDERED**, this 20th day of April 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2