IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CASE NO. 7:25-CR-25 (WLS) |
| RYAN RUGG | : |
| Defendant | : |

PRELIMINARY ORDER OF FORFEITURE/MONEY JUDGMENT

WHEREAS, on July 22, 2026, Defendant Ryan Rugg (hereinafter "Rugg" or "Defendant"), pled guilty to Count One of the Indictment charging him with Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Sections 1349 and 1343.

AND WHEREAS, the Indictment contained a Forfeiture Notice, pursuant to which the United States seeks forfeiture under Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), of any property real or personal, which constitutes or is derived from proceeds traceable to the offense(s), or a conspiracy to commit such offense, including, but not limited to a personal money judgment in an amount to be determined;

AND WHEREAS, the United States has filed a Motion and Memorandum for the Issuance of a Preliminary Order of Forfeiture/Money Judgment against Rugg in an amount to be determined at sentencing;

AND WHEREAS, Rule 32.2(b)(2)(C)(iii) of the Federal Rules of Criminal Procedure provides that if, before sentencing, the court cannot calculate the total amount of the money judgment, the court may enter a general forfeiture order that states that the order will be amended under Rule 32.2(e)(1) when the money judgment has been calculated;

AND WHEREAS, as of today's date, the money judgment amount, representing the total amount of proceeds personally obtained by the Defendant in the fraud scheme, has not yet been calculated;

AND WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment";

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to Rule 32.2(b)(2)(C)(iii) of the Federal Rules of Criminal Procedure, the Court enters this general order for a money judgment amount to be determined at sentencing, either by agreement of the parties or as determined by the Court following a hearing.

2. The United States District Court, Middle District of Georgia, shall retain jurisdiction in the case for the purpose of enforcing this Order of Forfeiture/Money Judgment.

3. Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Order of Forfeiture/Money Judgment shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

4. As issued this date, this Order of Forfeiture/Money Judgment consists of a judgment for a sum of money in an amount to be determined. The United States may, at any time, move pursuant to FED. R. CRIM. P. 32.2(e)(1), to amend this Order of Forfeiture/Money Judgment once the money judgment amount has been calculated or if the Government locates specific assets traceable to the fraud scheme or other assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), through 18 U.S.C. § 981(a)(1)(C).

SO ORDERED, this 27th day of October, 2026.

W. Louis Sands

W. LOUIS SANDS, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

PREPARED BY:

WILLIAM R. KEYES
UNITED STATES ATTORNEY

*/s/ Julius J. Jefferson*
JULIUS J. JEFFERSON
Texas Bar Number 24087797
Assistant United States Attorney